E-filed 12/16/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re *Ex Parte* Application of:<br>COLEGIO AMERICANO DE GUATEMALA.<br><br>Applicant.<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery For Use in Foreign Proceedings. | Case No.16-mc-80261-HRL<br><br>**ORDER GRANTING APPLICATION FOR DISCOVERY IN AID OF FOREIGN LITIGATION PURSUANT TO 28 U.S.C. § 1782**<br><br>Re: Dkt. No. 1 |

Petitioner Colegio Americano de Guatemala ("Colegio"), also known as the American School of Guatemala, requests discovery in aid of a proceeding before a Guatemalan court pursuant to 28 U.S.C. Section 1782. Based on a prior investigation, the Colegio initiated an action against parents suspected of abusing a student in the home. Dkt. No. 2, Atkins Decl., at ¶ 3. The Colegio filed a *denuncia*, a "complaint which begins a criminal and civil investigation and proceedings," and a hearing is scheduled for January 9, 2017, to determine if the case will proceed as a criminal action. *Id.* The parents in this action hired a lawyer whom the Colegio asserts is known for using media campaigns and publicity in trying her cases. *Id.* at ¶ 4.

On December 2, 2016, school personnel received an anonymous e-mail from a g-mail address accusing a teacher of making inappropriate statements to students, including the sender's unnamed son. *Id.* at ¶ 5. The e-mail address contains the first name of the lawyer in the aforementioned proceeding, and so the Colegio is concerned that the e-mail is "the opening move in a campaign to derail the January 9, 2017[,] hearing and coerce the School to drop the child abuse complaint." *Id.* at ¶ 6. The Colegio thus seeks an order from this court allowing the school

1 to subpoena Google, Inc. ("Google") for the subscriber information associated with the
2 anonymous e-mail account.

## LEGAL STANDARD

Ex parte applications are appropriate for seeking discovery pursuant to Section 1782. Ex parte applications are common in this context and "are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it." *In re Republic of Ecuador*, No. C-10-80225 MISC CRB (EMC), 2010 WL 370247, at *3 (N.D. Cal. Sept. 15, 2010) (quoting *In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991).

Pursuant to Section 1782, a district court may order a person residing within its district to produce documents or testimony for use in a foreign legal proceeding, unless the disclosure would violate a legal privilege. 28 U.S.C. § 1782(a). This statute may be invoked where (1) the discovery is sought from a person residing in the judicial district in which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or an 'interested person.'" *Id.*; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 246-47 (2004).

A district court is not required to grant the application, but instead retains discretion to determine what discovery, if any, should be permitted. *Id.* at 264. In addition to the statutory requirements, the Supreme Court has counseled that the district court should consider the following discretionary factors: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the discovery request is "an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the discovery requested is "unduly intrusive or burdensome." *Id.* at 264-65.

## DISCUSSION

**A. Statutory Requirements.**

2

1  Google resides in Mountain View, Santa Clara County, California, within the Northern
2  District of California.  The requested discovery is for use in a foreign proceeding.  Though the
3  proceeding is at an early stage, Section 1782 permits discovery even before formal accusation in a
4  criminal proceeding.  *In Re Ex Parte Application of Societe d'Etude de Realisation et*
5  *d'Exploitation pour le Traitement du Mais*, No. C13-80261-MISC LHK (HRL), 2013 WL
6  6141655, at *1 (N.D. Cal. Nov. 21, 2013) (citing *Matter of Application of O2CNI Co.*, No. C13-
7  80125, 2013 WL 4442288, at *6 (N.D. Cal. Aug. 15, 2013).  Even if the e-mail were not related to
8  the pending abuse action—and the court observes that the presence of the lawyer's first name in
9  the e-mail address is a slender reed upon which to base this connection—this Section 1782 factor
10 would be met because of the school's investigation into misconduct by a teacher.  *See Govan*
11 *Brown & Assocs. Ltd. v. Does 1 & 2*, No. C 10-02704 PVT, 2010 WL 3076295 (N.D. Cal. Aug. 6,
12 2010).  And the Colegio is a litigant in the foreign proceeding, and, as such, is an interested
13 person.  *In re Ex Parte Application of Societe d'Etude*, 2013 WL 6141655, at *1.

**B.  Discretionary Factors.**

(1) Google is not a participant in the foreign proceeding, which weighs in favor of permitting the discovery.  (2) The Colegio asserts that Guatemala is receptive to U.S. Court assistance pursuant to the Inter-American Convention on Letters Rogatory, art. 2(b), Jan. 30, 1975, 1438 U.N.T.S. 283.  (3) The Colegio further asserts that it is not seeking to circumvent foreign limitations on discovery, and the court has no reason to believe otherwise.  Google is located in this district, and the Colegio cites a Google website suggesting that the company does not have an office in Guatemala.  Finally, (4) the request is narrowly tailored, and seeks only the subscriber registration information for the account, "including but not limited to the name, creation date and place, IP address, e-mail address(es), and telephone number(s) associated with such registration," as well as the IP addresses used by the account on the day the e-mail was sent, and the account's recovery e-mail addresses and telephone numbers.

These discretionary factors weigh in favor of allowing the requested discovery.  As such, the Colegio's application for discovery pursuant to Section 1782 is granted.  The instant order is without prejudice to Google or another interested party to seek to quash the subpoena.  In the

event any discovery disputes arise, the parties shall comply with the undersigned's Standing Order re: Civil Discovery Disputes, which, among other things, requires the submission of a joint discovery letter brief, rather than a noticed motion.

**IT IS SO ORDERED.**

Dated: 12/16/2016

_____
HOWARD R. LLOYD
United States Magistrate Judge

4